IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOSE D. ORTIZ,

    Plaintiff,

vs.

BEN'S AUTO REPAIR SHOP INC.,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, JOSE D. ORTIZ, sues Defendant BEN'S AUTO REPAIR SHOP INC., and shows:

### Introduction

    1.    This is an action by JOSE D. ORTIZ against his former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

    2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

    3.    The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

    4.    Plaintiff, JOSE D. ORTIZ, (hereinafter "ORTIZ") a resident of Palm Beach County, was at all times material, employed by BEN'S AUTO REPAIR SHOP INC. as an automobile mechanic, was an employee as defined by 29 U.S.C. § 203(e), and during his

employment with BEN'S AUTO REPAIR SHOP INC., was engaged in commerce or in the production of goods for commerce. To wit: ORTIZ regularly and consistently handled and worked with goods and materials such as tools, auto parts, and machines that traveled in interstate commerce.

5. Defendant, BEN'S AUTO REPAIR SHOP INC., (hereinafter, "BEN'S AUTO REPAIR"), is a Florida Corporation doing business in Palm Beach County, Florida, which owns and operates BEN'S AUTO REPAIR, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. §§203(d) and (s)(1), in that in that it has employees engaged in commerce of in the production of goods for commerce, and it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, at the location where in the restaurant where ORTIZ was employed.

**Count I – Violation of FLSA by Defendant BEN'S AUTO REPAIR – Overtime**

6. Plaintiff, JOSE D. ORTIZ, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7. Since on or June 2020 through on or about December 9, 2020, Defendant BEN'S AUTO REPAIR has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically ORTIZ, since June 2020, worked in excess of 40 hours per week nearly every week of his employment, and was not

compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

8. The failure to pay overtime compensation to ORTIZ is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), because he was paid at a daily rate.

9. BEN'S AUTO REPAIR's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and ORTIZ's status as non-exempt, but chose not to pay him in accordance with the Act.

10. ORTIZ is entitled pursuant to 29 U.S.C. § 216(b), to recover from BEN'S AUTO REPAIR:

  a. All unpaid overtime that is due;

  b. As liquidated damages, an amount equal to the unpaid overtime owed;

  c. The costs of this action, and;

  d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, JOSE D. ORTIZ, prays that this court will grant judgment against defendant BEN'S AUTO REPAIR:

  a. awarding ORTIZ payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

  b. awarding ORTIZ an additional equal amount as liquidated damages;

  c. awarding ORTIZ his costs, including a reasonable attorney's fee; and

  d. granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: January 21, 2021

Plantation, Florida

Respectfully submitted,

***/s/ Robert S. Norell, P.A.***
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for JOSE D. ORTIZ*